257 N.W.2d 282 (1977)
C. M. C., a Minor, by Martin Conway, Her Guardian Ad Litem, et al., Respondents,
State of Minnesota, Respondent,
v.
A. P. F., Appellant.
No. 46553.
Supreme Court of Minnesota.
July 15, 1977.
Rehearing Denied August 31, 1977.
James Malcolm Williams, Minneapolis, for appellant.
Gary Flakne, County Atty., Thomas L. Aarestad, Asst. County Atty., Minneapolis, for State.
Robert H. Zalk, Legal Advice Clinics, Inc., Minneapolis, for C. M. C., et al.
*283 Considered and decided by the court without oral argument.
PER CURIAM.
This is a paternity action pursuant to Minn. St. 257.251 to 257.31. The case was tried in two parts. The first part of the trial, which resulted in a finding of paternity, was tried before a jury. The second part, dealing with damages alone, was tried without a jury. Defendant raises numerous issues on appeal including whether he received a fair jury trial, whether there was sufficient evidence to support a finding of paternity, whether the court applied the proper standards in determining the amount of damages, whether the evidence supports the award, and whether the paternity statutes are constitutional. We affirm.
The only issue which merits discussion is whether defendant was prejudiced when complainant's attorney called a witness and asked him if he had administered a lie detector test concerning complainant. In view of our long-standing prohibition against lie detector evidence, this question was clearly improper. If this were a criminal case, we would more than likely reverse in such a situation. However, paternity cases are civil in nature, and therefore, a greater showing of prejudice to defendant is required before we would grant a new trial for such an error.
The evidence of defendant's paternity included complainant's positive testimony and strong evidence corroborating her testimony. For example, there was corroboration of complainant's testimony concerning the private quarters of defendant where the act of conception allegedly occurred and of her testimony that she had a date with defendant the night conception allegedly occurred. There is also evidence that defendant attempted to get a former client of his to marry complainant. Under these circumstances it is highly unlikely that the improper question concerning the lie detector test prejudiced defendant.
There are strong arguments both for and against admitting lie detector test results. McCormick, Evidence (2 ed.) § 207. The case for admissibility is certainly strongest in civil cases such as paternity cases where it is often very difficult to acquire the necessary proof. While undoubtedly in the future we will have to consider whether lie detector test results should be admissible at least in limited contexts such as this, this is not the proper case for doing so.
We note with disapproval that the district court on the motion of defendant issued an ex parte order striking the names of the parties and inserting initials in lieu thereof. Minn.St. 257.31 does provide for the privacy of "records" of paternity proceedings; however, in no way does this provision permit the concealment of the names of the parties to the action.
Affirmed.
OTIS and SCOTT, JJ., took no part in the consideration or decision of this case.